**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BAKARY SISSOKO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Case No. 3:26-cv-1081 |
| LEONARD ODDO, *et al.*, | ) Judge Marilyn J. Horan |
| | ) |
| Respondents. | ) |
| | ) |

**ORDER**

Presently before the Court is Petitioner, Bakary Sissoko's, ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 2) and Respondents' Response in Opposition (ECF No. 12). The petition is now fully briefed and ripe for disposition. Upon review of the parties' arguments, the Court will **DENY** the petition.

**Factual Background:**

Petitioner, a "citizen and national of France" and Senegal and Mali, arrived in the United States through the Visa Waiver Program,[1] with authorization to remain until March 18, 2001. ECF No. 2, p. 4; ECF No. 12, p. 2. He failed to depart by said date. ECF No. 12, p. 2.

On or around June 1, 2026, during a routine traffic stop by local Pennsylvania police, Petitioner was detained by ICE officials in York, Pennsylvania. *Id.* at 3. On June 2, 2026, the assistant field office director signed and served a Notice of Intent to Issue a Final Administrative Removal Order, and later that same day, a deportation officer issued and served the Final

---

[1] The Visa Waiver Program "allows citizens of certain countries to enter the United States without a visa provided, among other conditions, that they leave within 90 days." *See Matos v. AG United States*, 757 F. App'x 214, 215 (3d Cir. 2018).

Administrative Removal Order, directing Petitioner's removal to France. *Id.* at 3-4. Upon being served, Petitioner refused to acknowledge receipt of either document, but he did not contest the allegations within, nor did he make any asylum claim. ECF Nos. 12-2; 12-3. Pending removal, Petitioner has remained in immigration custody at Moshannon Valley Processing Center in Philipsburg, Pennsylvania. ECF No. 2, p. 4; ECF No. 12, p. 5.

**Habeas Petition:**

In his petition, Petitioner asserts that his Fourth Amendment rights were violated by "Respondents' stop of Petitioner without reasonable suspicion and arrest of Petitioner without probable cause[.]" ECF No. 2, p. 12. He also contends that the stop and arrest were a violation of the Administrative Procedure Act ("APA") and various federal statutes and regulations. *Id.* at 13-18. He further argues that the arbitrary nature of the stop, arrest, and detention have violated his due process rights under the Fifth Amendment. *Id.*

Petitioner requests that the Court "[a]ssume jurisdiction over this matter;" "[o]rder that Petitioner shall not be transferred outside the Western District of Pennsylvania while this habeas petition is pending;" "[i]ssue an Order to Show Cause under 28 U.S.C. § 2243 directing Respondents to respond promptly to this Petition;" "[d]eclare that Petitioner's detentive stop without reasonable suspicion violates the APA, the INA, and the Fourth Amendment;" "[d]eclare that Petitioner's warrantless arrests without probable cause violate the Fourth Amendment, the APA, the INA, and implementing regulations;" "[d]eclare that Petitioner's warrantless arrests and traffic stop without reasonable suspicion violate Respondents' nationwide *Nava* Broadcast Policy;" "declare that Petitioner's deprivation of liberty through their unlawful stop and arrests violate the Due Process Clause of the Fifth Amendment;" "[i]ssue a Writ of Habeas Corpus ordering

Respondents to release Petitioner, Mr. Sissoko, from custody;" "[a]ward Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law;" and "[g]rant such other and further relief as the Court deems just and proper." *Id.* at 18-19. [2]

In response, Respondents argue that Petitioner has failed to exhaust his administrative remedies, such that his Fourth Amendment, Fifth Amendment, and APA claims should be dismissed. ECF No. 12 at 9, 13. Respondents also contend that Petitioner's detention, pursuant to 8 U.S.C. § 1231, is within the presumptively reasonable mandatory detention period established by *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents further argue that, even if the presumptively reasonable period had expired, Petitioner has not met his burden under *Zadvydas*. *Id.* at 10-13. [3] Lastly, Respondents assert that any request for fees under the EAJA is premature. *Id.* at 18.

Under § 1252(b)(9), "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States[,]" must be raised in a petition for review of a final order, even if a petitioner must "wait to seek relief for allegedly unlawful government conduct." *See* 8 U.S.C. § 1252(b)(9); *Khalil v. President*, 164 F.4th 259, 275 (3d Cir. 2026). This ensures that "petitioners get only one bite at the apple[,]" and prevents

---

[2] The Court has already denied Petitioner's request for an order preventing Petitioner's transfer in its Order dated June 18, 2026. *See* ECF No. 10. Further, the Court recognizes that Respondents have already responded to the petition, so the request for an order requiring a response is now moot. *See* ECF No. 12.

[3] The Court notes that Petitioner does not dispute that he is properly subject to mandatory detention under 8 U.S.C. § 1231. *See generally* ECF No. 2.

3

"piecemeal litigation" from occurring simultaneously in various courts. *Khalil*, 164 F.4th at 275 (quoting *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020)).

When evaluating a habeas petition, a district court can only review a "now-or-never" claim, which raises questions that cannot be reviewed later "on a petition for review of a final order of removal." *Id.* at 275. In other words, if a claim can be considered by a court of appeals via a petition for review, the claim is likely unreviewable by a district court in habeas. *See Tonfack v. AG United States*, 580 F. App'x 79, 81 (3d Cir. 2014) ("Our conclusion that Tonfack's § 2241 petition challenges a notice of removal is reinforced by the fact that his arguments are often considered by courts via petitions for review.").

Here, Petitioner asks the Court to review whether his stop and subsequent arrest by ICE officials were violations of his Fourth Amendment rights. *See* ECF No. 2 at 11-12. Such review through a habeas petition is clearly prohibited by *Khalil* because both actions arise from or are actions taken to remove an alien from the United States. *See Khalil*, 164 F.4th at 275-277. Further, the Third Circuit has also recently analyzed similar Fourth Amendment claims via petitions for review, confirming that these claims are likely unreviewable by district courts in habeas. *See Matos v. AG United States,* 757 F. App'x 214 (3d Cir. 2018); *see also Oliva-Ramos v. AG of the United States*, 694 F.3d 259 (3d Cir. 2012). As such, the Court lacks jurisdiction to review Petitioner's Fourth Amendment claim.[4]

---

[4] Even if the Court had jurisdiction, "Petitioner's Fourth Amendment argument also does not warrant 'the remedy Petitioner requests: release from detention. [T]he remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody.'" *See Noori v. Soto*, No. 26-0951 (SDW), 2026 WL 631642, at *2 (D.N.J. Mar. 5, 2026) (quoting *Valenzuela v. Semaia*, No. 5:25-cv-02853, 2025 WL 3635578, at *4 (C.D. Cal. Nov.

Consequently, Petitioner's various claims under the APA and the Fifth Amendment (*see* ECF No. 2 at 13-18) fail for the same reason because these claims are also repackaged challenges to the initial decision to detain Petitioner and the execution of his removal, rather than a challenge to the length of his detention.[5] *See Chacon v. Venturella*, No. 26-6512 (RMB), 2026 U.S. Dist. LEXIS 177792, at \*4-5 (D.N.J. Aug. 10, 2026); *see also Khalil*, 164 F.4th at 277 ("[Khalil] says the government violated the Fifth Amendment's Due Process Clause by arresting and confining him to punish him. To be sure, some claims can be detention-specific, like the length- and conditions-of-confinement claims discussed in *E.O.H.C.* 950 F.3d at 186. But Khalil's claim is not one of them: it just repackages his challenges to his removal…Khalil cannot plead around § 1252(b)(9) by calling his challenge to removal a challenge to his detention."). Namely, "Petitioner may not avoid those jurisdictional limitations by characterizing his challenges to detention and execution of the removal order as due-process or APA claims." *See Chacon*, 2026 U.S. Dist. LEXIS 177792, at \*5.[6] Thus, the Court lacks jurisdiction to review these claims as well.

---

3, 2025)). Here, Petitioner only seeks release and does not seek suppression of any evidence. *See generally* ECF No. 2. Thus, even assuming jurisdiction, the Court could not provide the relief sought by Petitioner.

[5] To the extent that Petitioner alleges other Fifth Amendment violations related to his continued detention, the Court notes that the Third Circuit has long used the *Zadvydas* framework to evaluate whether continued post-removal order detention has become unreasonable under the Due Process Clause of the Fifth Amendment. *See generally Zadvydas v. Davis*, 533 U.S. 678 (2001). Here, Petitioner makes no *Zadvydas* argument. *See generally* ECF No. 2. Thus, the Court will not address any of the *Zadvydas* factors.

[6] Even if the Court had jurisdiction, Petitioner's APA claims are likely inadequately supported because Petitioner does not address the reasons for the arrest proposed by Respondents in their Response (*see* ECF No. 12-1 at 3), despite having the opportunity to reply. *See Sodikov v. Chestnut,* No. 1:26-CV-1720 DC CSK, 2026 WL 983137, at \*3 (E.D. Cal. Apr. 13, 2026), *report and recommendation adopted sub nom. Sodikov v. Warden, California City Det. Ctr.*, No. 1:26-CV-01720-DC-CSK (HC), 2026 WL 1257829 (E.D. Cal. May 6, 2026) (finding that the petitioner's arguments concerning his arrest by immigration officers are inadequately supported because he did not file a reply addressing the arrest information provided by DHS).

Therefore, based upon the foregoing reasons, the Court finds that all of Petitioner's claims are without merit; and thus, must deny the Petition for Writ of Habeas Corpus, ECF No. 2. Because the Court denies the petition on other grounds, it will not address Respondents' claims regarding exhaustion or proper identification under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971). Further, because the Court finds against Petitioner, fees will not be awarded under the EAJA.

**AND NOW** this 13th day of August 2026, it is hereby **ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus, ECF No. 2, is **DENIED** without prejudice,

2. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

DATED: August 13, 2026

Marilyn J. Horan
United States District Court Judge

6